IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF TENNESSEE
                                AT NASHVILLE

| | |
|---|---|
| **BRITTANY BARNES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 3:09cv-764 |
| | ) JURY DEMAND |
| **CUS NASHVILLE, LLC** | ) |
| **d/b/a COYOTE UGLY SALOON,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER

Comes now Defendant, CUS Nashville, LLC d/b/a Coyote Ugly Saloon ("Defendant"), by and through counsel, and for Answer to the Complaint filed against it by Plaintiff, Brittany Barnes ("Plaintiff"), would state as follows:

1. Defendant admits the averments in paragraph 1 of the Complaint.

2. Defendant admits the averments in paragraph 2 of the Complaint.

3. Defendant admits the averments in paragraph 3 of the Complaint.

4. Defendant denies it or any of its employees were negligent. Defendant admits for the purpose of venue and jurisdiction that Plaintiff fell inside Defendant's premise located in Nashville, Tennessee on or about September 20, 2008. Defendant admits the remaining averments in paragraph 4 of the Complaint.

5. Defendant admits the averments in paragraph 5 of the Complaint.

6. Defendant admits Plaintiff fell inside Defendant's premise located in Nashville, Tennessee on or about September 20, 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 6 of the Complaint.

7. Defendant denies the averments in paragraph 7 of the Complaint.

8. Defendant denies the averments in paragraph 8 of the Complaint.

9. Defendant denies it or any of its employees were negligent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to the injuries, if any, sustained by Plaintiff.

10. Defendant denies the averments in paragraph 10 of the Complaint.

11. Defendant denies Plaintiff is entitled to the relief as set out in the "Wherefore" paragraphs in the Complaint and/or Amended ad damnum.

12. Defendant denies each and every averment in the Complaint not already specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Defendant asserts Plaintiff failed to exercise ordinary care and was negligent in her own actions. Plaintiff failed to take care for her own safety by climbing onto a bar on September 20, 2008. Her negligence proximately caused and/or contributed to the alleged damages, if any, and such negligence bars her from any recovery or reduces her right of recovery under comparative negligence.

**WHEREFORE**, having fully answered the Complaint filed against it, Defendant prays this action be dismissed, with prejudice, and costs taxed to Plaintiff, that it be awarded its discretionary costs, and that a jury try this action.

Respectfully submitted,

 s/ Steven J. Meisner
**STEVEN J. MEISNER**
Registration No. 23777
Attorney for Defendant

**BREWER KRAUSE BROOKS**
**CHASTAIN & BURROW, PLLC**
611 Commerce Street, Suite 2600
P.O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787

## CERTIFICATE OF SERVICE

 I hereby certify that on September 10, 2009 a true and correct copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the Court's electronic filing system.

John R. Shelton, Esquire
Sales, Tillman, Wallbaum, Catlett & Satterley
1900 Waterfront Plaza
325 W. Main Street
Louisville, KY 40202

 s/ Steven J. Meisner
**STEVEN J. MEISNER**

SJM:dml