IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRITTANY BARNES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CUS NASHVILLE, LLC. )<br>d/b/a COYOTE UGLY SALOON, )<br>)<br>)<br>Defendants ) | 3:09-0764<br>Judge John T. Nixon |

## O R D E R

This matter is set for a **JURY TRIAL** on **TUESDAY, JUNE 29, 2010, at 9::00 a.m.** in the U.S. Courthouse in Nashville, Tennessee; estimated length of trial is two to three days. The Pretrial Conference is set for 10:00 a.m. on **FRIDAY, JUNE 18, 2010**, in chambers.

Counsel for the parties shall confer and attempt to prepare an agreed pretrial order to be submitted to the Court on or before noon on **WEDNESDAY, JUNE 16, 2010.** The pretrial order shall contain the following:

1. A recitation that the pleadings are amended to conform to the pretrial order and that the order supplants the pleadings;
2. A short summary of plaintiffs' theories;
3. A short summary of defendants' theories;
4. The issues to be submitted to the judge;
5. Any special trial procedural issues; and
6. A statement that counsel have complied with the requirements of the Local Rules of Court and Rule 26 of the Federal Rules of Civil Procedure regarding discovery and disclosure. This Court does not require compliance with Local Rule 39.01(c)(6)c.

Pretrial briefs, stipulations, exhibit lists, witness lists, the original of all depositions that are to be introduced as evidence, objections to any depositions or exhibits which are expected to be offered into

evidence shall be filed no later than 12 noon on **WEDNESDAY, JUNE 16, 2010.**

The pretrial brief shall contain the following:

1. A concise statement of the facts;
2. A concise statement of the issues;
3. A statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof; and
4. Those evidentiary rulings counsel anticipates may arise and the legal authorities counsel relies upon in support of his or her contention.

Counsel shall attempt in good faith to stipulate the authenticity of trial exhibits. Objections as to authenticity shall be resolved at the pretrial conference.

Counsel shall stipulate any matters as to which there is no genuine issue or which counsel does not intend to contest. Any requested stipulations not agreed to shall be resolved at the pretrial conference. It shall be the responsibility of plaintiffs' counsel to produce a written copy of all stipulations and to file same.

If an agreed pretrial order is submitted to the Court, the final pretrial conference will be stricken from the Court's calendar upon its receipt. However, should the parties submit an agreed pretrial order but still wish to appear to discuss any remaining issues, counsel shall be responsible for notifying the courtroom deputy NOT to strike the pretrial conference from the calendar.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT