```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

BRITTANY BARNES,                    )
                                    )
        Plaintiff                   )
                                    ) No. 3:09-0764
v.                                  ) Judge Nixon/Brown
                                    ) Jury Demand
CUS NASHVILLE, LLC                  )
d/b/a COYOTE UGLY SALOON,           )
                                    )
        Defendant                   )

### **O R D E R**

Presently pending is Facebook, Inc.'s motion to set aside the Court's show cause order (Docket Entry 48 and the underlying order Docket Entry 36).

The initial order in this matter (Docket Entry 36) directed Facebook to produce within 15 days certain information from the Facebook account of a nonparty witness, Julie A. Knudsen. When this material was not furnished, the Magistrate Judge issued a show cause order (Docket Entry 48). In that order the Magistrate Judge did express some concern that because the original orders had been served on an email account, that there was a possibility that Facebook was not properly served. The show cause order was sent directly by mail to Facebook's corporate headquarters. Subsequently, Facebook's counsel did appear in the matter and raised several issues concerning these orders (Docket Entry 54).

Facebook raised challenges to the validity of the Court's jurisdiction as an initial matter, and as a second matter that the Secured Communication Act (SCA) prohibits Facebook from disclosing

the materials sought in the Court's order.  18 U.S.C. § 2702(a).
After considering the briefing of all parties in this matter, the
Magistrate Judge believes that regardless of the validity of the
subpoena, the SCA prohibits the disclosure of this information in
response to a subpoena.  *Flagg v. City of Detroit*, 252 F.R.D. 346
(E.D. Michigan 2008).[1]

Facebook does point out that it is willing to provide information from its files with the permission of Ms. Knudsen. During the telephone conference about this issue on May 25, 2010, there was some indication that Ms. Knudsen would be willing to sign a consent for this material to be furnished to the Magistrate Judge for review.  If that could in fact be accomplished, then future problems concerning potential access to this material could be avoided.

At the present time it appears that Ms. Knudsen was originally subpoenaed to bring various materials from her Facebook through the subpoena issued by the District of Colorado Court.  The Magistrate Judge thus believes that any further efforts to require Ms. Knudsen to grant permission as suggested in the *Flagg* case should be accomplished through the Colorado Court which issued the original subpoena concerning this material.

---

[1]The Plaintiff in the case, Ms. Barnes, has granted permission for the disclosure of this information, and therefore the only remaining disagreement covers Ms. Knudsen.

The Magistrate Judge therefore will vacate his orders, Docket Entries 48 and 36, and will further decline to issue any sanctions against Facebook.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3