IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRITTANY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:09-cv-00764 |
| v. | ) | Judge Nixon/Brown |
| | ) | |
| CUS NASHVILLE, LLC | ) | **Jury Demand** |
| d/b/a COYOTE UGLY SALOON, | ) | |
| | ) | |
| Defendant. | ) | |

To: Senior Judge John T. Nixon

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge are four Motions *in Limine* filed by Plaintiff. (Docket Entries 89, 90, 91, 110). Defendant has filed responses in opposition. (Docket Entries 121-24). These Motions were referred by the District Judge to the Magistrate Judge for Report and Recommendation on March 1, 2011. (Docket Entry 153). A telephone conference was held with the parties on March 14, 2011. (Docket Entry 154). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion to Exclude Testimony of Charles N. Coones be **GRANTED in part and DENIED in part**; Plaintiff's Motion to Exclude Evidence of Plaintiff's October 2008 Motor Vehicle Accident be **GRANTED in part and DENIED in part**; Plaintiff's Motion to Exclude any Photographs Taken of Plaintiff Other than the Night of Plaintiff's Injury be **GRANTED in part**; and Plaintiff's Motion to Preclude G. Lee Bryant From Offering Opinions Neither Set Forth in His Report Nor His Discovery Deposition be **GRANTED in part and DENIED in part**.

1

1.      Plaintiff's Motion to Exclude Opinion Testimony of Charles N. Coones

Plaintiff objects to the opinion testimony of Defendant's expert witness Charles N. Coones regarding essentially five topics. First, Plaintiff objects to Mr. Coones's reliance on OSHA standards in his report. Second, Plaintiff objects to Mr. Coones's opinions and observations regarding the static coefficient of friction ("SCOF") on the bar surface. Third, Plaintiff objects to Mr. Coones's testimony regarding grab rails available to patrons dancing on the bar. Fourth, Plaintiff objects to Mr. Coones's opinions and conclusions on the Defendant's warning sign(s). Fifth, Plaintiff objects to Mr. Coones's conclusions and opinions regarding Plaintiff's knowledge of the conditions of the bar and assumption of the risk.

The Magistrate Judge believes Mr. Coones should not be allowed to testify regarding OSHA standards. While OSHA standards cannot provide a basis for liability, *see Minichello v. U.S. Inds., Inc.*, 756 F.2d 26 (6th Cir. 1985), there is no "*per se* ban on evidence regarding OSHA regulations." *Campos v. MTD Products, Inc.*, 2010 WL 200815, *8 (M.D. Tenn. Jan. 14, 2010).[1] Here, however, Defendant is attempting to use OSHA standards in a way that, in effect, invades the province of the jury--namely, to unequivocally state that the bar was a safe surface. In the Magistrate Judge's view, Mr. Coones may not testify whether or not railings would be required pursuant to OSHA standards.

The OSHA standards are closely related to the parties' dispute over Mr. Coones's testimony regarding the SCOF on the bar surface. The Magistrate Judge believes Mr. Coones may testify as to the measurements he determined of the SCOF on the bar surface. Mr. Coones may not, however, testify as to any industry or OSHA standard regarding SCOF on walking

---

[1] Both *Minichello* and *Campos* involve issues of products liability, which of course differs from the premises liability theory here.

surfaces.  Mr. Coones has provided no basis for using a SCOF of 0.5 other than a nonmandatory appendix in the Notice of Proposed Rulemaking for Walking Working Surfaces and in an interpretation letter from OSHA, which is clearly not intended to be binding.[2]

The Magistrate Judge understands Defendant intends to use Mr. Coones to show that the surface of the bar was not slippery.  This could certainly be accomplished without resorting to the 0.5 SCOF standard.  For example, Mr. Coones could use the SCOF of other surfaces, such as ice or dry concrete, to illustrate the relative slipperiness (or lack thereof) of the bar.  The jury may then make their own determinations regarding the relative danger of the bar conditions.

The Magistrate Judge believes Mr. Coones may testify as to the existence of the grab bars overhead, but he may not testify regarding any OSHA standards on this point.  If Plaintiff wishes to attack the accessibility of the bars on the night of her injury, she may do so on cross-examination.

Plaintiff's final two objections to Mr. Coones's testimony are well-taken.  By testifying to the adequacy of warning signs and to Plaintiff's assumption of the risk, Mr. Coones is clearly invading the province of the jury.  In the Magistrate Judge's opinion, Mr. Coones may testify regarding the existence of the warning signs and their locations at the time of his visit, but he may not testify as to their adequacy or meaning.  The Magistrate Judge believes Mr. Coones may not testify regarding Plaintiff's knowledge of the conditions of the bar and assumption of the risk.

---

[2] The March 21, 2003 letter states, "OSHA does not have any standards that mandate a particular COF for walking/working surfaces."

2. <u>Plaintiff's Motion to Exclude Any Testimony or Evidence of Plaintiff's October 2008 Motor Vehicle Accident and Arrest</u>

The Magistrate Judge believes that evidence of Plaintiff's motor vehicle accident is probative and should be allowed. The airbag in Plaintiff's vehicle deployed as a result of the accident, and the jury may determine that the airbag could have caused Plaintiff's injuries or exacerbated her existing injuries. Plaintiff may, of course, offer testimony that she suffered no injuries as a result of the accident or that any injury she suffered was exacerbated by her previous injury allegedly caused by Defendant.

The Magistrate Judge believes all evidence of Plaintiff's arrest and conviction, however, is not admissible. This evidence is extremely prejudicial and not terribly probative of anything other than Plaintiff's character. Defendant may introduce evidence that Plaintiff consumed alcohol after her injury by other means.

3. <u>Plaintiff's Motion to Exclude Any Photographs Taken of Plaintiff Other than the Night of Plaintiff's Injury</u>

The Magistrate Judge believes all photographs taken of Plaintiff other than the night of her injury should be excluded. The Magistrate Judge believes these photographs are not relevant absent contradictory testimony from the Plaintiff. If, for example, Plaintiff denies drinking alcohol prior to the night of her injury, photographs may be introduced for impeachment purposes. Similarly, if Plaintiff denies drinking alcohol or partying after her injury, Defendant may introduce photographs impeaching this testimony. The final decisions will, of course, be left to the trial judge.

4. <u>Plaintiff's Motion to Preclude Defendant's Expert Witness G. Lee Bryant, M.D. from Offering Opinions Neither Set Forth in his Report nor in his Discovery Deposition</u>

Plaintiff objects to Dr. Bryant's testimony because she alleges Dr. Bryant disclosed several opinions in his final videotaped deposition that were not disclosed in either his report or his discovery deposition. More specifically, Plaintiff objects to Dr. Bryant's testimony regarding the airbag deployment, deceleration event, and/or asthma as causes of Plaintiff's anosmia. Plaintiff also objects to Dr. Bryant's testimony regarding nerve shearing.

As to Dr. Bryant's testimony regarding the airbag deployment, the Magistrate Judge believes Dr. Bryant's expert report could have been more comprehensive, but there was fair notice in his report. The written report specifically states that Plaintiff's olfactory dysfunction "could have been affected by several different factors including . . . a blow to the head suffered from the deployment of an airbag from a motor vehicle accident." (Docket Entry 110-1). The Magistrate Judge believes this testimony should be allowed.

The Magistrate Judge also believes Dr. Bryant may testify regarding the role Plaintiff's asthma may have played in her anosmia. Plaintiff's asthma was apparently not disclosed to Defendant until after Plaintiff was provided with Dr. Bryant's report. (Docket Entry 123-2, p. 10). The Magistrate Judge believes Plaintiff had adequate opportunity to cross-examine Dr. Bryant on this point, and Dr. Bryant's testimony on this point may be used by Defendant as rebuttal to Plaintiff's treating physician, Dr. Osetinsky.

The Magistrate Judge believes Dr. Bryant's testimony on the consequences of the deceleration event and on nerve shearing should be excluded. Even giving Dr. Bryant's brief report the broadest possible reading, there is no indication Dr. Bryant would testify on these points. Pursuant to Local Rule 39.01(c)(6)(d), "[n]o expert witness shall testify beyond the

5

scope of his or her expert witness disclosure statement." Therefore, this testimony should be excluded.

## RECOMMENDATION

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion to Exclude Testimony of Charles N. Coones be **GRANTED in part and DENIED in part**; Plaintiff's Motion to Exclude Evidence of Plaintiff's October 2008 Motor Vehicle Accident be **GRANTED in part and DENIED in part**; Plaintiff's Motion to Exclude any Photographs Taken of Plaintiff Other than the Night of Plaintiff's Injury be **GRANTED in part**; and Plaintiff's Motion to Preclude G. Lee Bryant From Offering Opinions Neither Set Forth in His Report Nor His Discovery Deposition be **GRANTED in part and DENIED in part**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 23rd day of March, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge